# Randall's Estate.

*Appeals—Assignments of error—Separate questions—Rule 26.*

1. An assignment of error which endeavors to raise three separate questions, offends against Rule 26 of the Supreme Court.

*Decedents' estates—Orphans' court sale—Bond—Resale—Act of June 7, 1917, P. L. 447.*

2. Where a bond has been entered in accordance with the Act of June 7, 1917, P. L. 447, after the orphans' court has decreed a sale of a decedent's real estate, a second bond need not be ordered in a decree for a resale, as the one already entered will cover the proceeds of the second sale.

3. Where at an orphans' court sale of real estate for the payment of debts, three properties are put up separately, and then put up as a whole, and the bid for the properties offered as a whole is much larger than the aggregate bids when put up separately, one of the parties in interest cannot demand that the sale should be set aside, because the bids on two of the properties exceeded the amount of the scheduled debts, where it appears that there was interest due on the debts, that the expenses of selling the estate were not known, and the other party interested did not complain.

Argued February 7, 1921. Appeal, No. 4, Jan. T., 1921, by William L. Randall, surviving husband, from decree of O. C. Bucks Co., dismissing exceptions to confirmation of sale of real estate, in estate of Anna R. Randall, deceased. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to confirmation of sale of real estate for payment of decedent's debts. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed exceptions to confirmation of sale. Wm. L. Randall, surviving husband of decedent, appealed.

*Error assigned* was above decree, quoting it.


*Harry E. Grim,* with him *John L. DuBois* and *Henry A. James,* for appellant.—The decree should be reversed and the sale set aside for the following reasons:

1. Because the executors failed to observe the direction of the act of assembly and the order of sale in selling more of decedent's real estate than was necessary to pay the debts: Davis's App., 9 Pa. 371.

2. Because the order to sell was executed without filing a bond in accordance with the order of court.

3. Because the conditions of sale and the general conduct thereof were detrimental to the interests of those entitled to the proceeds of sale and confusing and unsatisfactory to prospective bidders.


*Thomas Ross,* with him *William Stuckert,* for appellee.—Even if no bond had been filed, the sale would still be valid: Lockhart v. John, 7 Pa. 137; Thorn's App., 35 Pa. 49; Dixey v. Laning, 49 Pa. 143.

If another bond should be filed it may be filed now, or on the decision of this appeal: Reid v. Clendenning, 193 Pa. 406.


OPINION BY MR. JUSTICE SCHAFFER, February 28, 1921:

The only assignment of error in this case is a most general one to the dismissing of exceptions to and confirming an orphans' court sale for the payment of debts. Under it, the appellant, who is the surviving husband of the testatrix, endeavors to raise three separate questions. This is in violation of our rule (Rule XXVI) which provides: "Each error relied on must be specified particularly and by itself. If any specification embrace more than one point, or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged."

One of the errors complained of is that, upon a resale of the property ordered by the court, no bond was given.

The assumption of the appellant is, and he so presents his cause to us, that the court ordered an additional bond on the resale; an examination of the record discloses no such order made. When the first sale was decreed, a bond was directed to be given in accordance with the Act of June 7, 1917, P. L. 447 (at page 480), which provides that no decree of sale shall be executed until a bond shall be filed. The first sale was set aside, on petition of appellant, on account of inadequacy of price; on the second sale, no new bond was ordered or given, for the all-sufficient reason that the bond already on file covered the purchase money realized by this sale, just as it did the proceeds of the first one.

This being a sale for the payment of debts, and three properties having been sold, appellant's real complaint is, when it appeared by the bidding (as he says it did) that the sum realized from the sale of two of them was sufficient to pay the debts, it was improper to offer the third, and, after securing bids on it, to then offer the three together. The final order of sale required the three properties to be put up and bid upon separately and then all to be put up as a whole, and that they should be struck down for the highest price realized. Offered singly, they were bid to an aggregate price of $17,050; offered together, they realized $22,350, a gain to the estate of more than $5,000. While the scheduled debts were less than the price offered for the first two properties put up, interest had accrued on them, and what the expense of settling the estate would be was not known, so it could not be said that the entire obligations of the estate would be covered by the amount bid for the two properties. It was manifestly to the advantage of those interested in the estate that the three properties should be sold together, as is shown by the greatly increased sum thus realized. The appellant is not the only person interested in the assets of the estate remaining after the payment of debts, and the other person concerned, a son, is not complaining. The learned judge of

the orphans' court correctly determined that there was nothing shown which would warrant setting aside the sale.

The assignment of error is overruled and the decree of the court below is affirmed at appellant's cost.