# Scheel, Appellant, *v.* German-American Insurance Company.

*Insurance—Fire insurance—Cancellation—Notice—Substitution.*

1. A policy of fire insurance is a contract of indemnity, and unless it is canceled by mutual consent, or the policy provides that it may be terminated on the option of the parties and is so terminated, it will continue in force for the term for which it was written. If the right to terminate is reserved in the policy, the conditions upon which it is to

be exercised must be strictly complied with; and if a certain number of days is required to intervene before the notice to cancel is to take effect, the policy will still be in force and cancellation will not become effective until the expiration of the time named in the notice.

2. If the insurance company allege as a defense in an action on its policy that the assured has waived a five days' notice of cancellation, or that he has replaced the policy by another policy and thereby relieved the company from liability, it is incumbent upon the company to aver in its affidavit of defense and prove on the trial, not only that such was the intention of the assured but that his intention was carried out with his consent and by his agreement with the company.

3. The mere procurement of another policy on the same property and for the same amount after the notice and within the five-day limit does not disclose an intention on the part of the assured to cancel the earlier policy or to relieve the company from liability thereon; and in order that it may have such effect, the company must aver and prove that the assured consented and agreed to the cancellation and the substitution of the later for the earlier policy.

4. A fire insurance policy contained a provision permitting the insurance company to cancel the policy on five days' notice. The company gave a notice on November 7. The insured immediately took out a policy in another company without any notice to, or arrangement with, the first company. The property was destroyed by fire on November 11. *Held*, that the first company was bound to bear its ratable share of the loss.

Argued March 22, 1910. Appeal, No. 46, Jan. T., 1910, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1909, No. 3,288, discharging rule for judgment for want of a sufficient affidavit of defense in case of Richard Oscar Scheel v. German-American Insurance Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Assumpsit on a policy of fire insurance.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*James S. Alcorn*, of *Alcorn & Hershey*, and *Frank R. Shattuck*, with them *David W. Hoffman*, for appellant.— It is well settled in Pennsylvania and other jurisdictions that where five days' notice of cancellation is given by the insurer the insurance continues in force until the expiration of the five days, unless the insured agrees to waive the five days' notice or accepts the cancellation and thereby relieves the company: Penn Plate Glass Co. v. Spring Garden Ins. Co., 189 Pa. 255; Baldwin v. Penna. Fire Ins. Co., 206 Pa. 248; Mauk v. Commercial Union Assur. Co., 7 Pa. Superior Ct. 633; Lancashire Ins. Co. v. Nill et al., 114 Pa. 248; Wicks v. Scottish Union & National Ins. Co., 107 Wis. 606 (83 N. W. Repr. 481); Rothschild v. Ins. Co., 74 Mo. 41; Phila. Linen Co. v. Manhattan Fire Ins. Co., 8 Pa. Dist. Rep. 261.

If the policy prescribed a certain method for exercising the reserved right of cancellation by the company, this method must be followed, unless the insured waives the requirement: Baldwin v. Penna. Fire Ins. Co., 206 Pa. 248; Lancashire Ins. Co. v. Nill, 114 Pa. 248; Kerr v. Milwaukee Mechanics' Ins. Co., 117 Fed. Repr. 442; Phenix Ins. Co. v. Kerr, 129 Fed. Repr. 723; White v. Corlies, 46 N. Y. 467; Partridge v. Milwaukee Mechanics' Ins. Co., 13 N. Y. App. Div. 519; Quong Lue Sing v. Nevada Assur. Corp., 86 Cal. 566 (25 Pac. Repr. 58); Globe & Rutger's Fire Ins. Co. v. Mfg. Co., 128 Ill. App. 262; Home Ins. Co. v. Lumber Co., 55 S. E. Repr. (Ga.) 11.

*George P. Rich*, for appellee.—The case was for the jury: Arnfeld v. Guardian Assur. Co., 172 Pa. 605; Springer v. Assur. Corp., 33 N. Y. St. Repr. 543; Beirmeister v. Fire Ins. Co., 39 N. Y. St. Repr. 741.

OPINION BY MR. JUSTICE MESTREZAT, April 18, 1910:

This is an action of assumpsit on a fire insurance policy. The court discharged a rule for judgment for want of a sufficient affidavit of defense, and the plaintiff has taken this appeal.

The statement avers substantially as follows: That on or about October 27, 1908, the German-American Insurance Company, the defendant, issued its policy of insurance to plaintiff in the sum of $2,500, covering a loss on certain machinery and other property on premises situate at Forty-eighth street and Parkside avenue, Philadelphia; that on November 11, 1908, a fire occurred on the premises causing the total destruction of the property insured, and the loss sustained by plaintiff was $5,508.51; that at the time of the fire there were two other policies of fire insurance, issued by other companies, in force on the same property in the sum of $2,500 each, making a total insurance of $7,500 in force at the time of the fire, including defendant's policy; that the proportion of the loss for which the defendant is liable under its policy is the sum of $1,835.17, to recover which this action was brought.

The affidavit of defense admits the issuance of the policy, but avers substantially as follows: That on November 7, 1908, the defendant company gave plaintiff five days' notice of its intention to cancel the policy; that, after the notice and before the loss, the plaintiff procured a policy for $2,500 in the Hartford Fire Insurance Company with the intention that it should be a substitute for the defendant's policy and was not for the purpose of increasing his insurance beyond $5,000, and as a result of such action the defendant's policy thereby became canceled and the risk was at an end.

The policy issued by the defendant to the plaintiff contains the following stipulation: "This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation." Pursuant to this provision of the policy, the defendant, on November 7, 1908, gave the plaintiff a "five days' formal notice of its intention to cancel policy No. 73,317, issued to you for $2,500," and concluded the notice as follows: "Please take special notice that all liability of said insurance company under said policy will

absolutely cease on the expiration of this notice unless surrender thereof to said company be sooner made." The defendant's policy was for the term of one year from October 26, 1908. The Hartford Fire Insurance Company issued its binder to the plaintiff for a $2,500 policy on November 10, 1908. The fire occurred on November 11, 1908, and the plaintiff collected from the Hartford company its pro rata share of the loss.

The position of the defendant company, as stated in its brief, is that when the plaintiff received notice of the intended cancellation of the policy and promptly applied for and obtained a policy in the same amount in the Hartford company, his purpose was not to increase his line of insurance from $5,000 to $7,500 but to accept the cancellation, waive the full time limit of five days, and substitute in place of the defendant's policy the Hartford company's policy as a reinsurance; and that when he subsequently collected from the Hartford company its pro rata of the loss by fire, which occurred within the five days, he could not, while thus accepting and receiving the benefit of that policy, hold the defendant company, for whose policy the Hartford company's policy was a substitute, also liable.

We think the affidavit of defense is insufficient, and that the court below erred in not entering judgment against the defendant. A policy of fire insurance is a contract of indemnity, and unless it is canceled by mutual consent, or the policy provides that it may be terminated on the option of the parties and is so terminated, it will continue in force for the term for which it was written. If the right to terminate is reserved in the policy, the conditions upon which it is to be exercised must be strictly complied with; and if a certain number of days is required to intervene before the notice to cancel is to take effect, the policy will still be in force and cancellation will not become effective until the expiration of the time named in the notice. If the insurance company allege as a defense in an action on its policy that the assured

has waived the five days' notice, or that he has replaced
the policy by another policy and thereby relieved the
company from liability, it is incumbent upon the com-
pany to aver in its affidavit of defense and prove on the
trial, not only that such was the intention of the assured
but that his intention was carried out with his consent
and by his agreement with the company.  In other words,
the mere procurement of another policy on the same
property and for the same amount after the notice and
within the five-day limit does not disclose an intention
on the part of the assured to cancel the earlier policy or
to relieve the company from liability thereon; and in
order that it may have such effect, the company must
aver and prove that the assured consented and agreed to
the cancellation and the substitution of the later for the
earlier policy.

The policy on which this suit was brought, as noted
above, gave either party the right to cancel it on five
days' notice.  Such notice was given by the company,
and it specifically declared "that all liability of said in-
surance company under said policy will absolutely cease
on the expiration of this notice unless surrender thereof
to said company be sooner made."  The policy, there-
fore, remained in force until the expiration of the five
days unless it was sooner surrendered to the company.
It is not averred in the affidavit that the policy was sur-
rendered to the company within the five days, nor that
the defendant had any knowledge prior to the fire or to
the expiration of the five days that the plaintiff had pro-
cured insurance in the Hartford company, nor that there
was any written or oral agreement between the parties
that the policy was or should be canceled or the company
was or should be relieved from liability thereunder, nor
that the company had any knowledge of the purpose or
intention of the plaintiff in procuring the Hartford policy
to cancel defendant's policy or to substitute the Hart-
ford policy for it.  There is no provision in the policy
that it should be canceled if insurance for a like amount

was taken out in another company, nor that such insurance should be a substitute for the defendant's policy and relieve the defendant from liability thereon. The liability on the policy, therefore, continued until the expiration of the term for which it was written, unless the policy was canceled in pursuance of the five days' written notice or by the mutual consent of the parties. As the defense rests solely upon the allegation that the policy was canceled by the substitution of the Hartford company policy for a like sum, the defendant must aver and show, not only that the assured intended to, but did procure from the Hartford company a policy, substitute it for the defendant's policy, and consent or agree that the substituted policy should take the place of the defendant's policy and thereby relieve the defendant from liability on its policy. Conceding that it was the intention of the plaintiff to limit his insurance on the property to $5,000 and that he had so instructed his agent, the fact that the latter procured $2,500 in the Hartford company which, in addition to the two other policies on the property aggregating $5,000, carried the plaintiff beyond the limit of $5,000, did not cancel or avoid the defendant's policy. Before it could have that effect, the intention to substitute must become effective by the plaintiff's agreement with the defendant company. If, notwithstanding the intention of the plaintiff to limit his insurance to $5,000, his agent without his principal's authority had taken out two policies of insurance each in the sum of $5,000, making a total of $10,000 on the property, it would hardly be pretended that as between the plaintiff and the insurance company the former's intention would avoid or cancel one of the policies. The plaintiff could have recourse to his agent for violating his instructions, but the insurance company could not defend against an action on the policy for a loss which occurred during its life. The intention of the assured, disclosed or undisclosed, cannot hasten the expiration of the policy or release the defendant from its covenants therein until

such intention has been carried into effect by the cancellation or surrender of the policy by the assured in compliance with the defendant's notice.

The defendant relies on the case of Arnfeld v. Guardian Assurance Co., 172 Pa. 605. There is, however, a clear distinction between the cases. There, the five days' notice was given and within that time another policy was substituted for the original policy by express agreement of the parties. When the notice was given, the plaintiff's agent replied that he "would take notice and replace it as soon as possible." The agent procured another policy to replace the one directed to be canceled. The company's agent thereafter and before the fire inquired of the plaintiff's agent whether the latter had replaced the risk, and said: "It is distinctly understood the Guardian [Assurance Company] is relieved." The plaintiff's agent replied: "The Guardian is relieved." In the opinion, Mr. Justice DEAN says (p. 608): "Was there a substitution of the liability of a third party for that of the defendants, by the consent of the plaintiffs, defendants, and the third party? Defendants' contract was one of indemnity in a fixed amount against loss by fire on certain goods; a third party, the Queen Insurance Company, took its place and indemnified plaintiffs against precisely the same loss, in the same amount, on same goods, then stood by its contract, and paid the loss. This was a complete and effectual substitution of another insurer in place of defendants. And this was by the consent of all parties interested."

It is conceded that the defendant would be liable on its policy if the assured had not taken out the Hartford company policy. There is no averment in the affidavit of defense that the latter policy was to take the place and be a substitute for the defendant's policy "by the consent of the plaintiffs, defendants, and the third party." Unquestionably such agreement on the part of the plaintiff would relieve the defendant from liability on its policy. That was the Arnfeld case, but there are

no facts averred in the affidavit which would warrant the conclusion of the existence of any such agreement between the plaintiff and the defendant company in this case.

The order of the court below is reversed, the rule for judgment for want of a sufficient affidavit of defense is made absolute, and judgment is entered for the plaintiff against the defendant, the amount to be liquidated by the prothonotary of the common pleas.