# Pomerantz *v.* Mutual Fire Insurance Co., Appellant.

*Insurance—Fire insurance—Standard policy — Cancellation — Notice—Return of excess premium — Return of policy — Act of May 17, 1921, P. L. 682, 737.*

1. Where a policy of fire insurance is to be cancelled, the conditions on which the right is exercised, must be strictly complied with, unless the insured waives such requirement.

2. Under the standard policy of fire insurance required by the Act of May 17, 1921, P. L. 682, 737, the company, in order to terminate the relation of insured and insurer, must give written notice of cancellation to the insured, and the relation will terminate at the end of five days from the receipt of such notice.

3. While no particular form of notice is necessary, it must be a positive and unequivocal act of cancellation indicating unmistakably the intention of the company no longer to be bound by the policy five days after the receipt of notice of cancellation.

4. If the notice be equivocal or not indicative of a present cancellation, but a mere intention or desire to cancel in the future, a cancellation will not be effected.

5. A notice of cancellation is insufficient if it does not state that the excess premium (if not tendered) will be refunded on demand.

6. The standard form of fire insurance policy does not require a return of the policy to effect cancellation.

7. A condition in the notice of cancellation, requiring a return of the policy, will invalidate the notice.

Argued January 9, 1924. Appeal, No. 66, Jan. T., 1924, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1922, No. 3777, on verdict for plaintiff, in case of Emanuel Pomerantz v. Mutual Fire Insurance

Assignment of Error—Opinion of the Court. [279 Pa.

Company of Chester County. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on policy of fire insurance. Before FERGUSON, J.

The opinion of the Supreme Court states the facts.

Judgment on directed verdict for plaintiff for $11,812.42. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*William Tregay,* with him *Jos. G. Denny, Jr.,* for appellant.—It is respectfully submitted that every intendment of the statute and the policy was complied with by the notice received by Pomerantz from Briggs: Citizens Ins. Co. v. Henderson Elevator Co., 96 S. W. 601; Phœnix Ins. Co. v. Hunter, 95 Miss. 745; American Glove Co. v. Fire Ins. Co., 15 Calif. App. 77; Commercial Union Ins. Co. v. King, 150 S. W. 444.

*Joseph J. Brown,* with him *Henry P. Brown,* for appellee.—The right reserved in the policy to cancel the same must be exercised in strict accordance with the conditions there imposed: Scheel v. Ins. Co., 228 Pa. 55; Home Ins. Co. v. Tighe, 11 W. N. C. 14; First Nat. Fire Ins. v. Isett, 11 W. N. C. 558; Gosch v. Ins. Co., 33 Pa. Superior Ct. 496; Baldwin v. Ins. Co., 206 Pa. 248; Phila. Linen Co. v. Ins. Co., 8 Pa. Dist. R. 261.

OPINION BY MR. JUSTICE KEPHART, February 25, 1924:

Following the standard form of policy required by the Act of May 17, 1921, P. L. 682, 737, the provision as to cancellation was as follows: "This policy may be cancelled at any time by the company, by giving to the insured a five days' written notice of cancellation, with or without tender of the excess of paid premium above

the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand." The law requires, where a policy is to be cancelled, the conditions on which the right is exercised must be strictly complied with (Scheel v. German American Ins. Co., 228 Pa. 44), unless the insured waives this requirement. To successfully terminate the relation of insured and insurer, the company must give a written notice of such cancellation to the insured, and the relation will terminate at the end of five days from the receipt of such notice. While no particular form of notice is necessary, it must be a positive and unequivocal act of cancellation indicating unmistakably the intention of the company no longer to be bound by the policy five days after the receipt of notice of cancellation. If the notice be equivocal or not indicative of a present cancellation, but a mere intention or desire to cancel in the future, a cancellation will not be effected.

In the present case there is no doubt defendant company desired to cancel the policy, and plaintiff was made acquainted with that fact. But, owing to the indefiniteness of the notice, plaintiff could not know when it was to take place, if at all. Appellant claims the notice came from letters sent by the insurer's agent to the insured, but, giving them such effect, the notice did not comply with the terms of the policy; the letters to the insured merely requested a "return of the policy for cancellation." This, for various reasons, could not and should not be done. While one of the letters of the 25th does say "under policy ordered cancelled by the company," that letter is in answer to an inquiry as to the return premium, and it was not regarded by the agent of the company as terminating the relationship, for later another letter was written asking that the policy come forward promptly for cancellation. In the instructions issued by the general agent to the broker, he was not authorized to

notify appellee the policy was actually cancelled and would cease to be effective after five days; his only instructions were to procure the policy and return it for cancellation. The insured was not required to surrender the policy. The fire occurred within five days after the receipt of the letter of December 12th, which might be held to be a positive notice of cancellation of the policy, not effective, however, until after the termination of the five days. The prior letters must all be read in connection with each other, and when so read there was not such a clear unequivocal cancellation of the policy as the notice required, and the testimony of Miss Hand did not aid in this respect; it was merely discursive of the legal effect of the notice.

In addition, "the notice must state that the excess premium (if not tendered) will be refunded on demand." Under the provisions of the policy, privilege is given the company to pay or "tender the excess paid premium above the pro rata for the expired time," or, "if not tendered, will be refunded on demand." Formerly the unearned premium was required to be tendered when the policy was cancelled; otherwise the latter would continue in effect: Gosch v. Firemen's Insurance Co., 33 Pa. Superior Ct. 496. The weight of authority was that the return or tender of the unearned premium was a condition precedent to a valid cancellation under the clause: Baldwin v. Pennsylvania Fire Insurance Co., 206 Pa. 248, 253. But here there was coupled with the statement that the premium would be refunded on demand, a condition requiring the return of the policy.

The standard form of policy does not require a return of the policy to effect cancellation. Such return is unnecessary. There may be good reasons why the policy should be retained by the insured. He may have rights thereunder which cannot be asserted save by and through the policy as evidence; therefore it may remain in his hands. If it should be surrendered, any right he might have may be defeated, or made difficult of assertion,

and it can easily be imagined how an insurer could take advantage of just such a situation. All that is necessary to cancel the policy is a definite notice as above indicated, coupled with the further information regarding the unearned premium, as the policy requires. The insurer, to be relieved of liability, must literally comply with the requirements of this clause; otherwise the policy will continue and the company will be bound for any loss occurring thereunder. The insured may depend on his rights as thus established; he need not be put to the unnecessary and useless expense of securing other insurance, or ascertaining, of his own initiative, the insurer's state of mind.

The judgment of the court below is affirmed.