Riff et ux. *v.* Pittsburgh Railways Co., Appellant.

Argued October 10, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

258

*E. W. Lanfitt*, for appellant.—Any negligence of the motorman was not the proximate cause of the collision: Kelly v. R. R., 270 Pa. 149; Zolden v. Traction Co., 94 Pa. Superior Ct. 191.

The dominant right to the use of the tracks of a street railway company on a public highway is in the company and that right must be conceded and deferred to by all the public. The motorman may rely upon the principle that vehicles will recognize this superior right of travel: Gavin v. P. R. T., 271 Pa. 73.

Negligence cannot be implied because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the exigency: Wilson v. Beef Co., 295 Pa. 189; Bloom v. Bailey, 292 Pa. 348.

The verdict is perverse.

*Ben Paul Brasley*, of *Brasley, Ruben, Balter & Cole*, for appellees.—The motorman of the westbound street car was negligent and that negligence was the proximate cause of the injuries sustained by plaintiff: Moyer v. Electric Co., 294 Pa. 265; Jenkins v. Fady, 294 Pa. 490; Kosson v. Power Co., 293 Pa. 131; Gorman v. Charlson, 287 Pa. 410.

The verdict was not perverse.

Opinion by Mr. Justice Walling, November 25, 1929:

Center Avenue, extending in an easterly and westerly direction, in Pittsburgh, has a paved cartway of the width of thirty-six feet. In the center thereof is defendant's double track electric street railway,—that to the south being eastbound. This leaves a space of ten and one-half feet on each side of the rails. On the afternoon of September 17, 1927, the plaintiff, Mrs. Riff, while a passenger on a westbound car was injured by a collision

between it and an autotruck. The suit brought to recover for the injuries thus sustained resulted in verdicts and judgments for the plaintiffs and the defendant has appealed.

There was a sharp conflict in the evidence, but in view of the verdict, we must assume the truth of that offered for plaintiffs: Frank v. Reading Co., 297 Pa. 233. By this it appears that an eastbound trolley car and trailer passed from Wylie Avenue into and along Center Avenue, followed for some two miles by a large autotruck, weighing five tons; that, as the street car stopped at or near Junilla Street, the truck turned to the left into the westbound track and attempted to pass the car. It started forward, however, and they ran side by side for some distance. Then the truck driver increased his speed and, seeing a westbound trolley car approaching on the track he was occupying, turned to his right when it was approximately one hundred feet distant, and attempted to pass in front of the eastbound car, but collided with it and was shoved forward. Meantime, the westbound trolley car, with a trailer attached and loaded with passengers, came down the track rapidly and crashed into the left side of the truck, wedging it between the trolley cars. This forcible and abrupt stop threw the wife of plaintiff, a passenger on the westbound car, from her seat and inflicted the injuries complained of. Parked cars prevented the truck driver from leaving the track by turning to the left and the presence of the eastbound trolley car prevented his attempted escape by turning to his right. The motorman on the westbound car had a full view of the oncoming car and truck for about four hundred feet and could see what prevented the latter from clearing the track. As a carrier of passengers it was the motorman's duty to exercise the highest practical degree of care for their safety. It was manifest that they would be imperiled by a crash of the car and truck. As to this there is no question and the motorman testified that he stopped his car and that the

truck came on, by its own power or pushed by the eastbound car and collided with his car. He was corroborated by some other testimony; but, on the other hand, several witnesses for plaintiffs testified positively that the westbound car moved at high speed until it crashed with the truck. This made a question of fact for the jury and taking it from them would have been error.

Our review of the case is limited by the statement of questions involved. The first question so raised alleges error in the failure of the trial judge to charge that the proximate cause of the accident was the conduct of the truck driver. There was no request to so charge and had there been it could not have been granted in view of plaintiffs' evidence, for thereunder it was at most a concurrent cause; in which case plaintiffs might sue either: Gates v. P. R. R. Co., 150 Pa. 50.

In other words, if the motorman was negligent, that the truck driver was also negligent was no defense. In such case the wrongdoers are liable jointly or severally: Gorman v. Charlson et al. (No. 1), 287 Pa. 410; Smith v. Reading Transit & Light Co., 282 Pa. 511; O'Malley v. P. R. T. Co., 248 Pa. 292.

If the motorman drove his car into the truck and caused the wreck, that was the direct cause of plaintiff's injuries and there was no question of its being merely the remote cause. This the defendant recognized and did not raise the question of proximate cause in the trial court. Hence, even if it had merit, which it has not, it could not be raised here. We will not consider the case upon a different theory from that upon which it was tried in the lower court, nor decide it upon a point not raised there: Moyer v. Blue Mt. Electric Co., 294 Pa. 265; McLaughlin v. Monaghan et ux., 290 Pa. 74; Com. v. Budd Wheel Co., 290 Pa. 380; Armstrong & Latta v. Phila., 249 Pa. 39. Of course it was necessary to find that the negligence complained of was the proximate cause of the injuries, but no other finding was possible under plaintiffs' evidence. To sustain a recovery, how-

ever, the negligence complained of need not be the sole cause of the accident. The joint negligence of two or more may be the proximate cause and each liable. Moreover, at plaintiffs' suggestion the trial judge made mention of the question of direct or proximate cause and if more was desired defendant should have so requested.

If the trial judge erred in charging the jury that if the motorman on the westbound car was negligent plaintiffs could recover, it was harmless for, under all the evidence, if negligent in not stopping his car, and none other was charged, that caused the wreck and entitled plaintiffs to recover. The trial judge might properly have charged the jury that if they believed the evidence on behalf of plaintiffs, the negligence of the driver of the westbound car was the immediate and proximate cause of the accident, as there was no intervening cause, while there may have been a concurrent one. See Howarth v. Adams Express Co., 269 Pa. 280.

The only other matter referred to in the statement of questions involved is, "Was not the verdict perverse?" Black's Law Dictionary (2d ed.), page 896, defines such, as "A verdict whereby the jury refuses to follow the direction of the judge on a point of law." The Am. & Eng. Enc. of Law (2d ed.), volume 22, page 759, referring to "perverse verdict" says, "When a jury chooses not to take the law from the judge, but will act on its own erroneous view of the law, the verdict is perverse, however honest the intentions of the jurors may be." Appellant made practically the same complaint in the motion for a new trial. But the record contains nothing upon which to base it.

Appellant earnestly contends that the verdicts are excessive. Such a reason was stated, among others, in the motion for a new trial, and while the refusal of such motion is assigned as error, no mention is made in the statement of questions involved that the verdicts are excessive, or that the refusal to grant a new trial was error, or that the trial court therein abused its discretion.

Furthermore, the question of excessive verdicts is not separately assigned as error, but only appears as one of the four reasons in the motion for a new trial, the refusal of which is assigned as error. The question as to whether the trial court abused its discretion in refusing a new trial may be raised on a single assignment setting out the motion and reasons for a new trial and the ruling of the court thereon; but the reasons therefor, if depended upon as errors, must be separately assigned: Duff v. Hamlin, 272 Pa. 245, 251; McKee et al., Tr., v. Ward et al., 289 Pa. 414, 418. See also Spiese v. Mutual Tr. Co., 258 Pa. 422; Hopkins v. Tate, 255 Pa. 56. Otherwise Supreme Court Rule 22 (formerly 26), which requires that each error be separately assigned, is violated. See Randall's Est., 269 Pa. 530. As the question of excessive verdict is not suggested in the statement of questions involved nor properly brought upon the record by assignment of error, we will not consider it. Moreover, the plaintiffs' evidence, if credited, made out such a case of serious injury to the wife plaintiff as to support the verdicts. We can interfere in such case only to prevent manifest injustice. To justify this court in granting a new trial on that ground the verdict must be such as to demonstrate that the jury abused its powers and that the trial court failed to grant relief: Goldman v. Mitchell-Fletcher Co., 285 Pa. 116, 131 Atl. 665.

Plaintiffs' statement of claim confines its allegations of negligence to the conduct of the motorman on the westbound car; so the conduct of the motorman on the eastbound car is not here involved. Neither is the question as to the burden of proof, for both sides agree it was upon the plaintiffs.

The question of granting a new trial was a matter for the discretion of the lower court and the record discloses no such abuse thereof as to justify our interference.

The judgments are affirmed.