## Hendricks *v.* Continental Insurance Company of New York, Appellant.

Argued November 19, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Horace Michener Schell,* with him *Thomas Ross,* for appellant.

*Albert L. Moise,* with him *Robert H. Grim,* for appellee.

OPINION BY RHODES, J., February 28, 1936:

This case was tried before a judge of the court below without a jury. The defendant has appealed from the judgment entered on the finding in favor of the plaintiff.

The only question raised at the trial was whether the fire insurance policy sued on was in force at the time of the loss or whether it had been canceled.

The defendant took no exception in the court below to any of the findings of fact by that court. Defendant filed motions for binding instructions and for judgment n. o. v., which were dismissed. The question on this appeal is whether, on the facts, the court below reached the proper legal conclusions. The material facts, therefore, are not disputed, and may be summarized as follows: The plaintiff, on June 16, 1933, through an agent by the name of Swartley, took out fire insurance totaling $17,550, covering his farm buildings and livestock located near Perkasie, Bucks County, Pa. This insurance was later increased to a total of $24,750, and was placed by the agent Swartley among the various companies which he represented. Subsequently these policies were canceled by the companies, and Swartley requested an agent by the name of Edwin P. Gotwals to obtain insurance in the amount of $24,750 on plaintiff's property. The defendant company, through its agent Gotwals, issued the policy in suit to the plaintiff, on February 14, 1934, in the sum of $4,000, for a term of one year, covering any loss by fire pro rata with other insurance on the same property. This policy was a part of the $24,750 of insurance placed by Gotwals at Swartley's request. The policy permitted other insurance without notice until required. The Federal Land Bank of Baltimore was named in the policy as first mortgagee.

On March 13, 1934, the defendant company mailed to the plaintiff, from its Philadelphia office, written notice of cancellation of this policy. This letter was addressed to the plaintiff at Perkasie, Pa., and was sent by registered mail, with a notation requesting a return receipt containing the personal signature of the addressee. The letter arrived at the post office at Perkasie, and the postman attempted to deliver it, but the plaintiff was not at home. When the plaintiff did not respond to a notice left in his mail box, the postmaster called him on the telephone and asked him to call at the post office for a registered letter. Plaintiff inquired who sent the letter, and was told that it appeared to be from "some insurance company." A few days later, the plaintiff drove to the post office in his car, and sent in a young man to get the letter. The young man was unable to obtain it, as plaintiffs' personal signature was necessary. Plaintiff did not leave his car, and no delivery was made to him. Accordingly, the postal authorities returned the letter to the defendant on April 10, 1934. A similar notice of cancellation was sent to the mortgagee, the Federal Land Bank of Baltimore, which had possession of the insurance policy, and which, in compliance with the notice, returned the policy to the defendant about April 1, 1934. When the defendant received the policy, it was forwarded, together with a notice that it had been canceled, to Edwin P. Gotwals, its agent in Lansdale, Pa., so that he could complete his records.

Upon receipt of defendant's cancellation notice, Gotwals, of his own volition, placed a binder in the amount of $2,000, covering plaintiff's property, with the Fire Association of Philadelphia. This was on March 17, 1934. He attempted to secure another policy of $2,000 on plaintiff's property, but was unsuccessful. The Fire Association of Philadelphia subsequently issued a policy to the plaintiff for $2,000, but this was not de-

livered to the plaintiff until after the premises insured had been destroyed by fire. After the loss, the plaintiff accepted this policy from Gotwals and included it in his proof of loss; and the Fire Association of Philadelphia paid its proportionate share of the loss to the plaintiff. The plaintiff had never met the agent Gotwals or had any dealings with him personally, nor did he have any notice of the attempted cancellation, until after the fire which occurred on April 28, 1934. Following the fire, the plaintiff gave notice to the defendant and filed proof of loss with it as required by the policy.

The court found for the plaintiff in the amount of $2,168.23, with interest from April 28, 1934, and held that the policy of the defendant company had not been canceled, but was in full force and effect at the time of the fire.

Appellant's first contention raises the question of notice to the plaintiff of cancellation of the policy. The appellant does not allege that the plaintiff received written notice of cancellation, but that he had constructive notice when he was advised that a registered letter awaited his personal receipt and did not accept it. As to notice, the policy provides: "This policy may be cancelled at any time by the company, by giving to the insured a five days' written notice of cancellation, with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand." Giving the insured a five days' written notice that the relation of the insured and insurer will terminate at the end of five days from the receipt of such notice is a prerequisite to cancellation. To effect the cancellation of an insurance policy, the condition upon which the right to do so depends must be strictly complied

with.   Pomerantz v. Mutual Fire Ins. Co., 279 Pa. 497, 124 A. 139; Levan v. Pottstown, Phoenixville Ry. Co. et al., 279 Pa. 381, 124 A. 89; Scheel v. German-American Ins. Co., 228 Pa. 44, 76 A. 507; Letvin v. Phoenix Ins. Co. of Hartford, Conn., 91 Pa. Superior Ct. 422.

The plaintiff received no written notice in conformity with the provisions of the policy, and the policy does not provide for constructive notice.   See McBride v. New Amsterdam Casualty Co., 12 N. J. Misc. 617, 173 A. 346.   Moreover, the testimony does not disclose such a situation "as to have put the insured upon inquiry, which, had it been made, admittedly would have resulted in actual notice to him."   Fritz v. Pennsylvania Fire Ins. Co., 85 N. J. L. 171, 88 A. 1065, 50 L. R. A. (N. S.) 35.   The appellant sought to cancel the policy in controversy by written notice forwarded by registered mail, with delivery restricted to the plaintiff in person. See Werner et al. v. Commonwealth Casualty Co., 9 N. J. Misc. 963, 156 A. 116, affirmed 109 N. J. L. 119, 160 A. 547.   Although the plaintiff was advised by the postmaster at Perkasie that there was a registered letter there for him, which required personal acceptance, there is no testimony to indicate that the plaintiff had any knowledge of its contents or the identity of the sender; and the court below properly so found.   Plaintiff's explanation of his failure to go to the post office and obtain the registered letter in question and sign the necessary receipt was reasonable and probable, and uncontradicted.   The evidence does not disclose any fact or facts from which it might even be inferred that plaintiff had any knowledge or intimation of appellant's attempt to cancel its insurance policy, until weeks after the fire.

In addition, it may be pointed out that the record shows the appellant mailed its notice to the plaintiff on March 13, 1934, and requested a return receipt upon delivery of the registered letter.   The letter, not having

been delivered to the plaintiff, was returned to the appellant, on April 10th, by the postmaster at Perkasie, and, according to the testimony, was in the hands of the appellant for 17 days prior to the fire. During this entire time the appellant had knowledge that its notice of cancellation had not been received by the plaintiff. Nevertheless, it took no further action to cancel the policy in the manner and as required by the provisions thereof, but proceeded to cancel the policy on its records as of April 6, 1934.

Appellant's second contention is that the act of Gotwals in accepting notice of cancellation of appellant's policy was ratified and confirmed by the plaintiff. We can find no merit in this contention. The plaintiff never came in contact with Gotwals, or had any communication with him, until after the fire. The insurance placed by Gotwals on the plaintiff's property was at the request of the plaintiff's agent Swartley. To place such insurance was the extent of Swartley's request. When Gotwals received notice of cancellation from the appellant company, on March 14, 1934, he, on his own volition, bound $2,000 with the Fire Association of Philadelphia, and attempted to replace the other $2,000. He did not communicate with the plaintiff or with Swartley, relative to the notice of cancellation or his action as a result thereof, until after the fire on April 28, 1934.

The argument is pressed that Gotwals was an agent of the plaintiff with power to substitute and replace insurance, and therefore was an agent with authority to consent to cancellation on behalf of the plaintiff. Can it be said, in the light of the facts, that Gotwals was an agent of the plaintiff? It is clear that, in this transaction, he was the agent of the appellant only. There is not a scintilla of evidence to show that Gotwals was an agent of the insured with authority to substitute and replace insurance for the plaintiff. Such

cases as Benedict et al. v. Security Insurance Co., 133 N. Y. S. 165, 147 App. Div. 810; Rose Inn Corp. v. National Union Fire Insurance Society et al., 243 N. Y. S. 249, 229 App. Div. 349; and Arnfeld & Son v. Guardian Assurance Co. of London, England, 172 Pa. 605, 34 A. 580, relied upon by the appellant, have no application to the facts in the instant case.

Even if Gotwals had been the agent of the plaintiff to secure policies of insurance, he had no general authority to cancel and substitute others therefor, and he certainly had no specific authority. "An agent who secures a policy of insurance has no general authority to cancel the policy and substitute another therefor unless specifically authorized so to do: Scott v. Sun Fire Office, 133 Pa. 322 [19 A. 360]; Lancashire Ins. Co. v. Nill, 114 Pa. 248 [6 A. 43]; Provident L. & T. Co. v. S. G. Ins. Co., 53 Pa. Superior Ct. 66": Jones et al. v. Dubuque Fire and Marine Ins. Co., 317 Pa. 144, 146, 176 A. 208, 209. See Jernigan v. National Union Fire Ins. Co., 202 N. C. 677, 83 A. L. R. 295.

In this connection Gotwals testified: "Q. And when did you receive that [cancellation notice]? A. March 14, 1934. Q. And then what did you do? A. Then I, of my own volition, attempted to replace the line on which I had notice of cancellation. Q. Now, what did you succeed in doing so far as replacing it was concerned? A. I succeeded in binding $2,000 with the Fire Association. Q. Fire Association of Philadelphia? A. Yes. Q. Did you bind any more than that? A. I tendered $2,000 to the Springfield, which was rejected. Q. When was that rejected, do you know? A. March 23, 1934. Q. When was the $2,000 binder placed with the Fire Association, Mr. Gotwals? A. March 17, 1934. . . . . . . Q. When you say you of your own volition did it, what do you mean by that? A. I had no orders to do it. Q. No orders from anybody? A. No."

The fire occurred on April 28, 1934. About May 20,

1934, plaintiff first heard that appellant claimed it had canceled its policy, and that the Federal Land Bank of Baltimore, plaintiff's mortgagee, had returned the policy to the appellant. At that time Gotwals turned over to the plaintiff the $2,000 policy which he had the Fire Association of Philadelphia issue as of March 17, 1934. Although its existence was unknown to the plaintiff, this policy had been issued, was apparently in force at the time of the fire, and covered the plaintiff's property.

It was proper for the plaintiff to accept the policy from Gotwals, and then do exactly what appellant's policy required plaintiff to do—render "proof of loss signed and sworn to by the insured stating ...... all other contracts of insurance, whether valid or not, covering any of said property." Plaintiff had no alternative, because omission of the policy of the Fire Association of Philadelphia from the proofs of loss, after his knowledge of its existence, would have subjected him to a charge of making an incorrect and false proof of loss. It matters not that the Fire Association of Philadelphia admitted liability. That was not detrimental to the appellant, nor could it prejudice the plaintiff. The appellant could not be relieved, by acceptance of notice of cancellation by its own agent, from liability on its policy, which had not been canceled by notice to, or the consent of, the plaintiff, because another company accepts liability on a policy taken out on plaintiff's property by appellant's agent, without the knowledge or consent of the plaintiff, but which is merely accepted, after the fire, from such agent who was not the agent of the plaintiff, and included in the proofs of loss in conformity with the requirements of a provision of appellant's policy.

It is our conclusion that appellant's policy was in force at the time of the fire, and that the liability of the appellant was fixed at the time the loss occurred.

The appellant has raised another question to the effect that, if there was no cancellation of appellant's policy, there was a substitution of its $4,000 policy to the extent of $2,000, the amount of the policy of the Fire Association of Philadelphia, and hence the liability of the appellant could not exceed one-half the amount for which judgment has been entered against it by the court below. No such question was raised in the court below. On the contrary, at the time of the trial, it was stipulated on the record by appellant's counsel that "it is agreed by and between counsel for the plaintiff and counsel for the defendant that if the Continental Insurance Company, the defendant here, is liable to the plaintiff, Robert T. Hendricks, such liability is in the sum of $2,168.23, with interest from April 28, 1934." In addition thereto, the twenty-first finding of fact by the court below reads as follows: "It was agreed that the defendant's liability for its proportionate share of the loss, if liable at all, is twenty-one hundred sixty-eight dollars and twenty-three [cents] ($2,168.23), with interest from April 28, 1934." Appellant took no exception to this or any other finding of fact. If there were any merit in this contention of the appellant, it could not be considered here. McLaughlin et al. v. Monaghan, 290 Pa. 74, 138 A. 79; Riff et ux. v. Pittsburgh Railways Co., 298 Pa. 256, 148 A. 102.

Assignments of error are overruled.

Judgment is affirmed.