Stewart *v.* Mullineaux (et al., Appellant).

Argued September 27, 1939.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Robert C. Fable, Jr.,* with him *Raymond A. White, Jr.,* for appellant.

*Edward P. Geuther,* for claimant-appellee.

*Charles A. Rothman,* for defendant-appellee.

Opinion by Baldrige, J., December 13, 1939:

The only question with which we are concerned in this appeal is whether an insurance policy issued by the appellant was cancelled prior to November 3, 1937, the date of a fatal accident sustained by the claimant's husband in the course of his employment.

On March 23, 1937, the appellant issued a policy of workmen's compensation insurance, for a term of one year, to Samuel B. Mullineaux who was in the trucking business. The premium was paid in full, except for any further excess premiums which might be due the appellant. The policy contained the following provision: "This Policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancelation shall be effective."

Prior to August 4, 1937, the employer experienced labor troubles, which gave rise to his broker, Hirshorn, and the insurance company concluding that he was quitting business. Accordingly, the insurance company asked Hirshorn, as its agent who had written the policy in question and also a cargo policy, to request the employer to bring both policies to his office for cancellation. Hirshorn asked the employer to bring the policies to his office but said nothing about their cancellation. The employer, on August 4, 1937, delivered the cargo policy to Hirshorn at his office, on which there was a return premium due, and informed him that he could not locate his workmen's compensation policy. Hirshorn told the employer that he would get him a "lost policy receipt," which, if he would sign, would get him a new policy. He was not told then, and did not understand, that his policy was to be cancelled. The broker acknowledged that he did not tell the employer that his policy was being cancelled. He testified that he took it for granted the latter understood that the paper he signed was a release and cancellation of the old policy. The form which was presented to him, and which he signed, purporting to cancel the policy, was endorsed by the agent of the insurance company with the following notation: "Cancelled Pro Rata at Request of Company as of 8-4-37." The insurance company sent no notice of any sort to the employer of the alleged cancellation, but, after an interval of twenty days, informed the Pennsylvania Rating and Inspection Bureau that the policy had been cancelled. That of itself, however, was not an effective cancellation of the policy and a termination of the insurer's obligation to the employee: *Levan v. Pottstown, Phoenixville Ry. Co. et al.*, 279 Pa. 381, 384, 124 A. 89; *Piscitello v. Boscarello et al.* (Conn.), 154 A. 168. Nor did Hirshorn, although he acted as the employer's agent in obtaining insurance, have general authority to cancel the policy. There must be proof of

specific authority so to do (*Hendricks v. Continental Ins. Co.*, 121 Pa. Superior Ct. 390, 397, 183 A. 363; *Jones et al. v. Dubuque F. & M. Ins. Co.*, 317 Pa. 144, 146, 176 A. 208), which, admittedly, is absent here.

The appellant combats the theory of want of notice of cancellation by asserting that notice was not necessary; that its liability under the policy terminated by virtue of the release executed by Mullineaux. True, the paper sets forth in printing that it is a release, but there appear the words in writing, as above stated, "Cancelled Pro Rata at Request of Company as of 8-4-37." A doubt could well arise, if that paper is viewed alone, as to the intention of the parties. That uncertainty is largely dissipated when all the evidence is taken into consideration. At the hearing the attorney for the company stated that he desired to cross-examine the employer "for the purpose of showing this policy was cancelled by him; that he signed a release; that the policy was cancelled at his request prior to any accident to the claimant's decedent." He stated also to the referee "that the policy that had been issued by the New Amsterdam Casualty Company had been cancelled and was cancelled as of their records, and had been cancelled for sometime prior to the accident." The broker testified that the company asked for the cancellation of the policy prior to August 4th. It also appears from Hirshorn's testimony that to obtain a new policy when one is lost the company will take a lost policy receipt, such as this one, cancel the old policy, and issue a new one which is marked as a duplicate.

The employer unequivocally said that he never intended to surrender his compensation coverage. He stated on cross-examination:

"Q. You intended at all times to keep the compensation policy issued to you by the New Amsterdam Casualty Company in existence? A. Sure. It was paid for the year. Why should I surrender it?

"Q. You didn't desire to have the charges on that policy diminished by surrendering the policy? A. No.

"Q. You then state to us definitely that Mr. Hirshorn, your agent, gave you a paper which you signed and which you did not intend to sign? A. That is true if that is what I signed. I wanted to sign a lost policy receipt."

The compensation authorities were, in our judgment, fully warranted in concluding that an attempted cancellation, at the request of the company, was incomplete and ineffective, as it failed to comply with the plain provisions of the policy by not giving to the insured the required notice, in writing, of the date of the cancellation, and that the policy was therefore in force at the time of the accident. The conditions of cancellation of an insurance policy must be strictly complied with and if notice of cancellation is required, it must be given: *Levan v. Pottstown, Phoenixville Ry. Co. et al.*, supra; *Pomerantz v. Mutual Fire Ins. Co.*, 279 Pa. 497, 499, 124 A. 139.

We are of the opinion that the evidence shows that the employer did not intend to cancel the policy but was led to believe that he was executing a lost policy receipt to obtain a substitute or duplicate policy. It was entirely proper to inquire into the object of the parties. The proof adduced shows the purpose and circumstances under which the alleged release was executed and delivered, and was sufficient to support the board's finding that the coverage existed at the time of the accident: 20 Am. Jur., Evidence, §1142; Restatement, Contracts, §236(b).

Judgment affirmed.