Gelman et al. *v.* Scottish Union and National Ins. Co. of Edinburgh, Appellant.

Argued October 17, 1929.

 Before PORTER, P.
J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM
and BALDRIGE, JJ. 

*Horace Michener Schell,* for appellant.

*Samuel J. Gottesfeld,* and with him *Joseph J. Fischer,* for appellee.

OPINION BY LINN, J., December 12, 1929:

Plaintiff has judgment for want of a sufficient affidavit of defense in a suit on a fire insurance policy. Appellant says: ''The sole question which this court is asked to pass upon is whether or not there can be any liability on the part of this defendant where it is affirmatively averred that the plaintiff had accepted in lieu of and in substitution for the policy issued by the defendant two policies of insurance in two other companies, totaling the amount of the policy carried by the defendant, regardless of whether or not the policy of this defendant company had been surrendered or whether there was any formal cancellation or return of any part of the premium.''

Before we need consider the effect of defendant's conclusion that the plaintiff accepted other insurance in substitution for defendant's policy, we must examine the affidavit for the facts on which it is based and

when we do so, we find nothing in the affidavit to support the conclusion.

Plaintiff declares on a $3,000 policy effective for 1 year from October 27, 1927. A fire loss of $2,612.73 occurred December 26, 1927. The total insurance on the property was $9,000 as follows:

Defendant's policy expiring Oct. 27, 1928 .. $3,000

A second company's policy expiring Oct. 27, 1928 .............................. 3,000

A third company's policy expiring Dec. 17, 1928 ............................... 1,500

A fourth company's policy expiring Dec. 17, 1928 ............................... 1,500

It will be observed that the total of the two policies expiring Dec. 17, 1928,—$3,000—is the same amount as defendant's policy. They were standard form policies each limiting the insurer's liability to the proportion which its policy bears to the total insurance (Insurance Company Law of 1921, P. L. 682, 737). Accordingly plaintiff made claim on defendant for one-third of the loss,—$870.91.

From the affidavit of defense we learn that sometime prior to December 17, 1927, some one notified plaintiff that defendant "was unwilling to carry a line of insurance on plaintiff's property and that his policy would have to be cancelled;" we are not informed who so notified plaintiff; there is no averment that defendant was unwilling to carry the risk; none whether the notice was oral or written. The notice was not given by the defendant or by any one acting for defendant, for if it had been, the fact would have been averred, to avoid the effect of the rule that doubtful or ambiguous averments are construed against the pleader for a defendant is "considered as asserting as strongly as possible everything that defendant can say in its favor": Wright v. Carbonic Co., 271 Pa. 332, 339. It is averred that on receipt of that information, plaintiff

through a broker on December 17, 1927, took out the two $1,500 policies listed above as issued by the third and fourth companies; and, that plaintiff "accepted the same in lieu of and in substitution of the policy ......" of defendant now in suit, and that he collected on those policies. We note at this point that he collected on those policies the proportionate part, i. e. one-third of the total loss, for, again, if that were not the amount collected, defendant would have averred how much he did collect. For the remaining two-thirds of his loss, the insured of course had defendant's $3,000 policy and the other one of that amount stated. above. There is no averment that its policy was cancelled by defendant pursuant to the cancellation provisions inserted in the policy as required by the statute (supra) or that there was any infirmity arising from fraud or otherwise relieving it from liability, or that plaintiff had requested or consented to cancellation or had released defendant from liability, or had agreed with defendant to release it from liability and to take the two $1,500 policies in place of defendant's policy; for all that appears in its averments, defendant knew nothing about the taking of those two policies until after the fire; there is no averment that the two companies who issued the $1,500 policies did so with the understanding that they were taking the place of defendant and (defendant being released) they were becoming liable for one-half of any loss under the prorata liability clause of their policies. These and other obvious considerations indicate how unfounded defendant's position is.

The cases it relies on are against its contention. In Arnfeld v. Assurance Co., 172 Pa. 605, where there was a substitution, the insured had accepted notice of cancellation, had re-insured, had notified the cancelling insurer that it was released and after a fire, had collected the full amount of the substituted policy (see

380

p. 608), elements which are lacking in defendant's affidavit. In Scheel v. Insurance Co., 228 Pa. 44, containing more facts on this subject than defendant's affidavit, a like contention was held unfounded; it was said " . . . . . . The intention of the assured, disclosed or undisclosed, cannot hasten the expiration of the policy or release the defendant from its covenants therein until such intention has been carried into effect by the cancellation or surrender of the policy by the assured in compliance with the defendant's notice." See also Pomerantz v. Ins. Co., 279 Pa. 497; Letvin v. Ins. Co., 91 Pa. Superior Ct. 422, 427.

Judgment affirmed.