## Alice P. Darlington, Trustee *v.* The Phœnix Mutual Fire Insurance Company. Appellant.

*Insurance—Fire insurance—Policy—Notice.*

A provision in a policy of fire insurance that assessments are " payable within forty days after notice, and if not paid within ninety days from date of notice," the policy becomes void, means within so many days after the written notice sent to the insured is actually received.

Argued Feb. 6, 1900. Appeal, No. 349, Jan. T., 1899, by defendant, from judgment of C. P. Chester Co., Jan. T., 1898, No. 67, on verdict for plaintiff. Before GREEN, C. J., MC-COLLUM, MITCHELL, DEAN and BROWN, JJ. Affirmed.

Assumpsit on a policy of fire insurance. Before BUTLER, J.

At the trial it appeared that the application signed by the insured and attached to the policy contained the following clause:

For value received, and the consideration of a policy of insurance to be issued by the Phœnix Mutual Fire Insurance Company, Phœnixville, Pa., upon the approval of my application for insurance in said company, of this date, I promise to pay the said company such sum or sums of money and at such time or times as the board of directors of said company may for the purpose of paying losses by fire, and the necessary expenses of said company require, payable within forty days after notice, and if not paid within ninety days from date of notice, this policy becomes void."

The testimony tended to show that an assessment notice dated June 1, 1897, was mailed to plaintiff, May 31, 1897, but was not

received by the insured until June 7, 1897. The fire occurred on September 1, 1897. The court charged that if the notice did not reach the insured until June 7, plaintiff was entitled to recover.

Verdict and judgment for plaintiff for $1,737.34. Defendant appealed.

*Error assigned* was above instruction.

*H. H. Gilkyson*, for appellant.—In making this contract, if words are to be taken in their ordinary significance, the insured agreed to pay assessment No. 23 " within forty days after notice, and if not paid within ninety days from date of notice, this policy becomes void."

Notice of an assessment upon this policy, dated June 1, 1897, was mailed to John D. Matlack on May 31, 1897, enclosed in an envelope of the Phœnix Mutual Fire Insurance Company with a return stamp printed thereon. This notice, in the ordinary course of mail, should have reached Lizzie P. Matlack, administratrix of John D. Matlack, deceased, not later than June 1. Lizzie P. Matlack admits receiving the notice on Monday, June 7. The fire occurred on September 1, 1897, ninety-two days after the date of assessment notice No. 23, and the policy, by the terms of the contract, was void in ninety days from date of notice, to wit: on August 30, 1897.

This contract upon the part of the insured was two-fold, first to pay the assessment within forty days after notice, and, second, that subject to the prior right of at least forty days in which to make payment, that the policy should become void if the assessment was not paid within ninety days from date of notice.

For the date of the receipt of such notices all insurance companies are necessarily dependent for evidence upon the insured. It is impossible to deliver such notices in person and to be prepared to prove the exact date of their receipt. The most that can be expected of any company is that it shall take all reasonable precautions to secure the receipt of the notice by the insured, and this was done in this case.

Therefore, in the contract of insurance the company provides that the insured shall have forty days from the receipt of this

notice in which to pay the same, and that forty days, under the decisions of our courts must be calculated from the date when notice was delivered or received, and not the date written in the notice or the date it was mailed. This, therefore, is the absolute right of the insured to withhold the payment of the assessment for a period of forty days without respect to the date of the notice and without regard to the date it was mailed.

But the company also wisely provides that the notice once received by the insured carries with it two-fold information, first, that the insured must pay in forty days after he receives the notice, and, second, that by the terms of his contract his policy is void in ninety days from the date of the notice.

These contracts are not unreasonable or inconsistent, and the language adopted in making the contract carries with it the conviction that both the insurer and the insured had in mind the happening of two distinct events, one the payment of the assessment within forty days after the receipt of the notice, the other the annulling of the policy of insurance in ninety days from the date of notice.

The difference of the language used in the contract as respects the happening of the two events is significant and peculiar. Payment of the assessment is required within forty days after notice, and the annulment of the policy is within ninety days from date of notice. The insertion of the word "date" in the latter clause has some meaning; and the word "notice" used in connection with the word "date" naturally refers to the printed notice or paper, just as the word "notice" used in the first clause must necessarily mean notice or notification to the insured.

The insured, therefore, having received proper notice; having failed to make the payment within the forty days as agreed upon, was clearly subject to the clause annulling the contract within ninety days from date of notice.

*Gibbons Gray Cornwell,* with him *R. T. Cornwell* and *John J. Gheen,* for appellee, cited, Taggart v. Association, 4 Del. Co. Rep. 217; Brattleboro East Society v. Reed, 42 Vt. 76; Siebert v. Supreme Council, 23 Mo. App. 268; Protective Life Ins. Co. v. Palmer, 81 Ill. 88; Illinois Independent Order of Mutual Aid v. Besterfield, 37 Ill. App. 522; National Mut.

Beneficial Assn. v. Miller, 85 Ky. 88; Williams v. Life Assn., 11 Ins. L. J. 793.

PER CURIAM, February 9, 1900;

The expression " within forty days after notice," contained in the application, certainly does mean after notice actually received by the insured. The expressions, " within ninety days from date of notice," contained in the application, and " within forty days of the date of notice" and " within ninety days of the above date " might mean within the number of days mentioned, from or after the particular date of a writing which contained notice, or it might mean, within so many days after the receipt of notice by the party to be affected. We are of opinion in this case that these expressions all mean, within so many days after the written notice sent to the insured was actually received. On the principle that doubtful words in policies of insurance are to be construed most strongly against the insurer, and in favor of the insured, this construction is fully sustained, and as the expression contained in the application does literally mean actual notice, the same meaning should be given to the other words above referred to. The jury have found that the administratrix of the insured did not receive the notice of the assessment until June 7, 1897, and therefore the policy was not forfeited when the fire occurred which was on September 1, following. We are quite clear that the right of action was in force at the time of the fire, and therefore, sustain the judgment of the learned court below. The assignments of error are all dismissed.

Judgment affirmed.