## Kulikowich v. P. & J. Coal Company

Before Aponick, Fine and Flannery, JJ.

*Roger J. Dever*, for plaintiff.

*Frank L. Pinola*, for defendant.

*Andrew J. Zawoiski*, for State Workmen's Insurance Fund.

APONICK, J., June 3, 1946.—The only question involved in this appeal from an order of the Workmen's Compensation Board is whether the award is to be paid by defendants or the State Workmen's Insurance Fund, the insurer. On July 16, 1941, the State fund executed a policy insuring defendants for the risk in question. On May 28, 1942, the State fund sent the following notice to defendants by registered mail:

"In accordance with Condition D of Policy No. O-7532, all renewals or extensions. thereof is hereby cancelled, and the effective date of said cancellation is 12:01 A. M. Standard Time, June 8, 1942, the reason for said cancellation being for debit balance of $414.58, as shown in the attached statement."

This letter was received by defendants on May 30, 1942. Claimant's husband was killed by a fall of rock on June 15, 1942.

The sole question in this case is whether this notice constituted a cancellation of the policy prior to the time of the accident. Paragraph D of the policy provides as follows:

"This policy may be cancelled . . . upon ten days' written notice . . . stating when cancellation shall be effective and the effective date of cancellation shall then be the end of the policy term."

It has been held that where a policy of insurance provides for a certain number of days' notice of cancellation, such language means that the time does not start to run until notice is actually received by the insured (Darlington v. Phoenix Mutual Fire Ins. Co., 194 Pa. 650, 653). The registry receipt establishes the fact that the notice was not received by defendants until May 30, 1942. Therefore, the 10 days did not start to run till that time and would not expire until 12:01 a.m. June 10th.

The notice, however, states that the insurance will be canceled at 12:01 a.m. June 8th, which is not 10 days from the receipt of the notice.

The referee recognized the rule of law of the Darlington case and found that the insurance did not expire until June 9th, despite the fact that the notice contained a different date. The board affirmed this finding, in principle, but changed the date to June 10th. As both of these dates are prior to the time of the accident, the State fund contends that there was no insurance in effect at that time. With this contention we cannot agree.

It is to be noted that the policy provision above quoted provides not only that there must be 10 days' written notice, but that the notice must state when the cancellation shall be effective. In the case at bar, the date of cancellation fixed in the notice was less than 10 days from its receipt by defendants. The conditions of cancellation of any insurance policy must be strictly complied with: Stewart v. Mullineaux et al., 138 Pa. Superior Ct. 43, 47; Faramelli et al. v. Potomac Ins. Co., etc., 346 Pa. 228, 232. There is not a strict compliance in this case and we think the cancellation was ineffectual.

The State fund relies upon the cases of Philadelphia Linen Co. v. Manhattan Fire Ins. Co., 8 Dist. R. 261, and Pinzhoffer v. Franzen et al., 46 D. & C. 234. In the first case cited, the policy provided merely for five days' notice and there was no requirement that the date of cancellation be set forth. It was there held that the policy was canceled five days from the receipt of the notice. However, that is not this case.

In Pinzhoffer v. Franzen et al., supra, the Court of Common Pleas of Philadelphia County reached a conclusion different from the one we have reached. It was there held that, even though the date specified in the notice was less than 10 days from the receipt of the notice, the policy expired 10 days from such receipt, despite the fact that the latter date was different from the one mentioned in the notice. We have given that case careful consideration, but we decline to follow that rule. When an insurer desires to cancel insurance for technical reasons, as in this case, we think that it should be held to the strictest compliance with the terms of the policy. We see no reason to relax the rule in favor of the State fund.

Defendants claim that the notice of cancellation was conditional and equivocal, basing their contention on the fact that, in the notice, there appeared a request for payment of premiums. We cannot agree with that

contention. In the first place, the State fund had an absolute right to cancel at any time, without reason, provided it did so under the strict terms of the policy. The mere fact that a demand was made for the payment of premiums does not change the legal effect of the cancellation. The premiums which were demanded were premiums already earned and constituted a debt owed to the State fund, regardless of whether the policy remained in force or not.

Defendants also tried to show a waiver or withdrawal of the cancellation notice by an employe of the State fund. We think that the necessary proof of the authority of this employe is absent from the record and we therefore find that there was no such withdrawal or waiver.

After the date of the accident, defendants filed an application for a new policy. The State fund claims that this was a recognition of the validity of the notice and was a waiver of any right defendants might have had to question its form. We do not think this is so. By the act of the State fund in sending the letter of May 28th defendants were ostensibly without insurance, and they could not operate their mine until they were properly covered. We think it would be distinctly unfair to allow the State fund to take advantage of a situation which was forced upon defendants by law and the acts of the State fund.

We do not think that the custom of paying premiums after they had become past due and in arrears has any bearing on this case. This policy could be canceled without any reason and the mere fact that the State fund assigned the nonpayment of premiums as a cause does not deprive it of the undoubted right to cancel upon proper notice.

Although there is no specific finding covering the matter, the testimony discloses that on May 29th, the day after the cancellation notice was sent by the State fund, the latter sent a letter to defendants calling atten-

tion to the expiration of the policy on July 16, 1942, the regular expiration date, and stating that if the May premium was paid by June 20, 1942, the policy would not be canceled. We think this is another reason why this order must be reversed. The letters of May 28th and May 29th are inconsistent with one another, and we think the only reasonable construction which can be placed upon them is to hold that the second letter constitutes a revocation of the cancellation contained in the first letter. It is particularly significant that the cancellation was based upon the nonpayment of premiums and the second letter seems to indicate that if the premiums were paid by June 20th the policy would remain in force. If the State fund did not intend the second letter to have this effect, it could have protected itself by not sending it at all, as its records at that time must have shown that the policy had been canceled as of June 8th.

Accordingly, now, June 3, 1946, the appeal of defendants is sustained, the order of the board is reversed, and judgment is directed to be entered for claimant, Mary Kulikowich, and her minor children, Nicholas Kulikowich, Stella Kulikowich and Michael Kulikowich, and against defendants, Paul Sindaco and Joseph A. Hopkins, trading as the P. & J. Coal Company, and their insurance carrier, State Workmen's Insurance Fund, for compensation at the rate of $18 per week from June 22, 1942, to May 28, 1944, when Nicholas Kulikowich reached the age of 16 years, in the total sum of $1,815.43, with interest at the rate of six percent on each due instalment from the date each becomes due; judgment is directed to be entered for claimant, Mary Kulikowich, and her minor children, Stella Kulikowich and Michael Kulikowich, and against defendants, Paul Sindaco and Joseph A. Hopkins, trading as the P. & J. Coal Company, and their insurance carrier, State Workmen's Insurance Fund, for compensation at the rate of $16 per week from May

28, 1944, to March 6, 1946, when Stella Kulikowich reached the age of 16 years, in the total sum of $1,478.86, with interest at the rate of six percent on each due instalment from the date each becomes due; judgment is directed to be entered for claimant. Mary Kulikowich, and her minor child, Michael Kulikowich, and against defendants, Paul Sindaco and Joseph A. Hopkins, trading as the P. & J. Coal Company, and their insurance carrier, State Workmen's Insurance Fund, for compensation at the rate of $13.50 per week from March 6, 1946, to March 25, 1948, the remaining part of the 300 weeks allowed by law, in the total sum of $1,440.64, with interest at the rate of six percent on each due instalment from the date each becomes due; and judgment is directed to be entered for Mary Kulikowich, for Michael Kulikowich, dependent child, and against defendants, Paul Sindaco and Joseph A. Hopkins, trading as the P. & J. Coal Company, and their insurance carrier, State Workmen's Insurance Fund, for compensation at the rate of $4 per week from March 25, 1948, to November 19, 1953, when Michael Kulikowich reaches the age of 16 years, in the total sum of $1,181.71, with interest at the rate of six percent on each due instalment from the date each becomes due, together with an additional sum of $200 for funeral expenses, for which latter sum judgment is to be entered in favor of Mary Kulikowich, widow, against above defendants and their insurance carrier. These judgments are entered subject to termination or modification as may be justified by the death or remarriage of claimant, Mary Kulikowich, or by the death of the minor son, Michael Kulikowich, and to liquidation at any time, and from time to time, for the aggregate of instalments then due and unpaid.

NOTE.—An appeal from the foregoing order to the Supreme Court was subsequently withdrawn.