Jones et al. *v.* Dubuque Fire and Marine Insurance Company, Appellant.

Argued October 4, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*C. H. Welles, 3d,* of *Welles, Mumford & Stark,* with him *A. B. Dunsmore* and *M. C. Rhone,* for appellant.

*G. Mason Owlett,* with him *C. H. Ashton* and *Charles G. Webb,* for appellees.

OPINION BY MR. JUSTICE KEPHART, November 26, 1934:

This action on a policy of insurance based on a loss sustained by fire resulted in a judgment for the insured. The court below refused to receive an offer of evidence. It was proposed to show, inter alia, that the insurance policy of the Concordia Company was substituted for that of appellant, the Dubuque Insurance Company; second, the agency of Seeley, who negotiated the cancellation and substitution, and, third, the payment of the return premium on the Dubuque policy.

It was admitted that the Dubuque policy was in the possession of the insured at the time of the fire and was valid if there was no substitution; it insured property owned by Bessie Jones and Ruth Wakley. The offer did not pretend to show that Bessie Jones consented to the cancellation and substitution or was a party to it. Where property is owned jointly, and so insured, one owner cannot cancel the policy of insurance and substitute another therefor without the consent of the coinsured. To prove effective cancellation and substitution of insurance policies it is necessary that the consent of all parties insured be shown: Joyce, Law of Insurance, 2d ed., volume 3, section 1668. The offer did not attempt to show the consent of both parties.*

Seeley, an insurance agent, was to show cancellation and substitution, but the offer on its face states he was an agent of the company and not of the insured. The offer proposed to affirm what the brokerage agency and the company did, not what the insured, Mrs. Wakley, did or agreed to do, even assuming that she could act for Bessie Jones. An agent who secures a policy of insurance has no general authority to cancel the policy and substitute another therefor unless specifically authorized so to do: Scott v. Sun Fire Office, 133 Pa. 322; Lancashire Ins. Co. v. Nill, 114 Pa. 248; Provident L. & T. Co. v. S. G. Ins. Co., 53 Pa. Superior Ct. 66.

The payment of the return premium on the Dubuque policy was attempted to be demonstrated by proving that

---

* Mueller v. So. Side Fire Ins. Co., 87 Pa. 399, is not in conflict. The mortgagee therein was expressly found to be the agent of the mortgagor to receive the notice of cancellation. Furthermore, no premium had been paid. The weight of authority holds that notice to one of several having an interest under a policy is insufficient: Conn. Ins. Co. v. T. C. Caummisar & Sons, 218 Ky. 378, 291 S. W. 776; Stewart v. Coleman & Co., 120 Miss. 28, 81 So. 653; Phœnix Ins. Co. v. American T. & S. Bank, (Tex. Civ. App.) 248 S. W. 819; Chadbourne v. German A. Ins. Co., 31 Fed. 533; Guggisburg v. Waterloo M. F. Ins. Co., 24 Grant, Ch. (U. C.) 350.

a check was delivered to Miss Lewis, an intimate of Mrs. Wakley, at the latter's home. The check was never cashed, nor was there any offer to prove the receipt of it by Mrs. Wakley. Such evidence would not show payment of the return premium.

A part of appellant's offer might have been good, but the greater part was objectionable; the court below refused to receive the offer as a whole. Where, in an offer of evidence, part is relevant and part is not, it is not necessary for the court to separate the good from the bad, but it may reject the entire offer: Hunter v. Bremer, 256 Pa. 257; Mease v. United Traction Co., 208 Pa. 434; Evans v. Evans, 155 Pa. 572.

The second error complained of involves the proof of plaintiff's loss. A paragraph in the statement of claim was offered, with a specific averment as to value. The affidavit of defense simply denied this statement generally. The policy limited the loss on the building to $3,000. It was totally destroyed. The statement averred the value to be $6,045. The court below held that the denial of the amount of loss was insufficient. The Act of May 14, 1915, P. L. 483, section 8, provides that "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim." Defendant simply denied plaintiffs' averment without giving any reason or any figures to contradict the statement. Whether the denial was intended to cover the loss or items in connection therewith is not stated. The purpose of requiring more definite affidavits is to make it possible for a plaintiff to recover judgment for amounts that are admitted to be due. As stated by Mr. Justice SIMPSON in Fulton Farmers Assn. v. Bomberger, 262 Pa. 43: "To make his denial effective, . . . he must make that denial so clear and specific that plaintiff may forthwith obtain judgment for the amount as to which there is no real defense, and at the ensuing trial the court may know exactly what the issue is." Where the statement of

claim specifies in detail the loss under policies of insurance covering buildings totally destroyed, the affidavit should specify the item that is incorrect, or state other facts which lessen the plaintiff's claim and bring the loss below the amount insured against. The carrier cannot generally deny the amount of loss. General denials in an affidavit are only intended to delay and hinder the trial of cases and put the insured to the expense of trial. The carrier always has opportunity to investigate the circumstances connected with the loss shown. It could ascertain the size of the building, character of construction and materials of which it was composed. It was in a position to know as nearly as the insured the exact value of the building. It is only fair that it should give some material expression challenging the insured's claim. Not a single fact set forth by appellant would constitute a full or partial defense to appellees' statement. An analogous case is King v. The Security Co., 241 Pa. 547, dealing with a claim on a surety bond. Plaintiff fixed his damage at $10,000 because the contractors failed to perform, and sought judgment for $8,000, the full amount of the bond. There was a general denial of the statement, and this court held it insufficient.

The other assignments of error are without merit.

Judgment affirmed.