## Aurora Loan Services LLC v. Molina

C.P. of Monroe County, no. 11758 Civil 2008.

*Chrisovalante P. Fliakos,* for plaintiff.
*Donald M. Leeth,* for defendants.

SIBUM, *J.,* October 8, 2010—Plaintiff, Aurora Loan Services, filed a complaint in mortgage foreclosure on December 4, 2008 seeking to foreclose upon property

owned by the defendants. The property is located in East Stroudsburg, Pennsylvania. Defendants filed an answer with new matter on February 2, 2009 arguing that plaintiff unilaterally raised the monthly mortgage payments more than 50% after the mortgage was assigned to them. Plaintiff filed a reply to defendants' new matter on February 25, 2009. On August 4, 2010, plaintiff then filed a motion for summary judgment and supporting brief. Defendants did not file a response to plaintiff's motion but did file a brief on September 3, 2010. The parties waived oral argument and submitted the matter on briefs. We are now prepared to decide this matter.

## DISCUSSION

Pennsylvania Rule of Civil Procedure §1035.2 permits the trial court to dismiss an action after the close of pleadings where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Thompson Coal Co. v. Pike Coal Co.*, 483 Pa. 198, 204, 412 A.2d 466, 468-69 (Pa. 1979). Summary judgment may only be entered where the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits demonstrate that no genuine, triable issue of fact exists. Pa.R.C.P. 1035(b); *Brecker v. Cutler*, 578 A.2d 481 (Pa. Super. 1990).

Summary judgment may be granted only in cases where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (Pa. 1989). The trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. *Potter v. Herman*, 762 A.2d 1116 (Pa. Super. 2000). The court must also accept as true

all well-pled facts contained in the non-moving party's pleadings. *Mattia v. Employers Mut. Cos.*, 440 A.2d 616 (Pa. Super. 1982). The moving party bears the burden of proving that no genuine issue of material fact exists. *Long v. Yingling*, 700 A.2d 508, 512 (Pa. Super. 1997).

In response to a motion for summary judgment, the non-moving party may not rest upon the pleadings, but must set forth specific facts demonstrating a genuine issue for trial. *Phaff v. Gerner*, 451 Pa. 146, 303 A.2d 826 (1973). Failure to allege such specific facts will result in summary judgment, if appropriate, against the non-moving party. Pa.R.C.P. 1035.3; *Overly v. Kass*, 554 A.2d 970 (Pa. Super. 1989).

In the case now before the court, plaintiff contends that defendants have effectively admitted all of the allegations of the complaint in their answer by failing to sustain their burden of presenting facts which contradict the elements of plaintiff's claim. As such, plaintiff asserts that there are no triable issues of fact in dispute and demands an in rem judgment against the defendants for the foreclosure of the mortgaged premises in the amount of $671,414.57, plus legal interest and costs.

Defendants argue that plaintiff has raised factual issues regarding plaintiff's servicing of the mortgage by failing to follow the regulations and guidelines within the Real Estate Settlement Procedures Act (RESPA) and the guidelines issued by the Department of Housing and Urban Development (HUD). Specifically, defendants argue that plaintiff unilaterally increased the mortgage payments by more than 50% due to an error on plaintiff's part. As such, defendants believe plaintiff has acted with unclean hands and that an issue of material fact remains as

to whether defendants are in default of the mortgage based on plaintiff's failure to properly service the mortgage.

Reviewing the facts in the light most favorable to the non-moving party, the record reveals the following. On April 13, 2007, defendants executed and delivered a promissory note and mortgage to Mortgage Electronic Systems, Inc. as nominee for Lehman Brothers Bank, FSB. [complaint, ¶3; answer, ¶3.] The mortgage was recorded in the Office of the Recorder of Monroe County, Record Book No. 2309, Page 6632 [*Id.*] The mortgage was later assigned to plaintiff documented by an Assignment of Mortgage which was recorded in Assignment of Mortgage Book No. 2350, Page 981. [Plaintiff's motion for summary judgment, ¶7, Exhibit A2.][1]

The mortgage secured repayment of the loan evidenced by the note, plus all other fees and charges due under the note. [MSJ, Exhibit A.] The mortgage also required defendants to pay the lender a sum to provide for payment of escrow items such as amounts due for "taxes and assessments and other items which can attain priority over this security instrument as a lien or encumbrance on the property." [*Id.*] Under the note, defendants were to pay monthly principal and interest payments of $3,836.47 at an interest rate of 6.875% beginning June, 2007. [MSJ, Exhibit A1.] The note also contained a provision that if the borrower failed to pay the full amount of each monthly payment on the date it was due, the borrower would be in default. [*Id.*]

After the mortgage was assigned to plaintiff, plaintiff raised the monthly escrow payment due from defendants.

---

1. Reference to plaintiff's motion for summary judgment filed on August 4, 2010 will be cited as [MSJ, ¶___.]

In a letter dated April 20, 2009 to defendants' attorney, counsel for the lender explained that the monthly escrow payments were being increased, not the principal and interest payments, nor the interest rate. The letter stated:

Pursuant to your request for documentation regarding the above captioned escrow account please be advised that when the loan originated, the HUD-1 did not account for the taxes of $12,000.00. When the actual taxes were paid, there was not enough in the escrow account to pay the first tax disbursement of $13,086.13. The escrow payment that was being collected monthly was $460.15 for taxes and insurance, which clearly was not sufficient. Therefore, five months into Ms. Molina's loan there was an escrow deficiency of $8,515.49. They continued to collect $460.15 for the escrow payment until the payment chance [sic] effective with the December, 2007. [Answer, ¶12; MSJ, Exhibit L.]

The defendants made payments through a repayment plan, advancing the due date of their payments, but ultimately failed to adhere to the scheduled payment plan or bring the loan current. [Id.] As such, the mortgage is now due for the October 1, 2008 payment,[2] [MSJ, Exhibits B, K.]

Plaintiff and defendants later entered into a Home Affordable Modification Trial Period Plan on October 29, 2009. [MSJ, ¶ 9, Exhibit G.] The repayment plan was ultimately canceled by plaintiff as a result of the defendants' failure to make the first payment pursuant to the terms of the plan. [MSJ, ¶10, Exhibit H.] The parties then entered into a Special Forbearance Agreement on

_____

2. The last payment applied to defendants' mortgage was on March 8, 2010. Plaintiff applied this payment to defendants' account for the delinquent September 1, 2008 payment. [MSJ, Exhibit K.]

January 27, 2010. [MSJ, ¶11, Exhibit I.] However, the forbearance agreement was also terminated by the plaintiff as defendants' failed to make the promised payments under the proposed plan. [MSJ, ¶12, Exhibit J.]

The last payment applied to defendants' mortgage was on or around March 8, 2010. Plaintiff applied this payment to defendants' account for the delinquent September 1, 2008 payment. Defendants did tender a payment on April 19, 2010, which plaintiff has placed in suspense. Plaintiff then filed this action in mortgage foreclosure seeking an in rem judgment and also served defendants an Act 91 notice as required by law. [Complaint, ¶8, 9; Answer, ¶8, 9.]

Pursuant to Pennsylvania Rule of Civil Procedure 1029(b), "the averments of the pleading to which a response is required are deemed admitted when not denied specifically." Pa. R.C.P. 1029(b). A general denial is unacceptable and deemed an admission where it is clear that the defendant has adequate knowledge and that the means of information are within the control of the defendant. *Elia v. Olszewski*, 368 Pa. 578, 84 A.2d 188 (Pa. 1951). Although no fixed rule can be stated for determining whether a denial is specific, generally, for a denial to be specific, it must deny what is averred and then must affirmatively aver what did occur in place of the facts that are denied. See *In re Estate of Roart*, 568 A.2d 182, 186 (Pa. Super. (1989); *Jones v. Dubuque Fire & Marines Ins. Co.*, 317 Pa. 144, 176 A. 208, 209(1934).

In mortgage foreclosure cases, the entry of summary judgment is proper where it is admitted that the mortgage is in default, the mortgagors have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount, even though the defendant never admits

the amount of the indebtedness in their pleadings. *Landau v. Western Pennsylvania National Bank*, 445, Pa. 217, 225, 282 A.2d 335, 340 (Pa. 1971).

As stated above, rule 1029(b) requires a specific, factual response to a pleading. Furthermore, rule 1035.3 provides that "the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion [for summary judgment]." Pa.R.C.P. §1035.3(a). Here, defendants have effectively admitted every allegation of the complaint by either expressly admitting plaintiff's allegations or by failing to articulate specific reasons as to why the allegations are not true. By failing to counter the averments outlined in the complaint and supported by the documentation attached to plaintiff's motion for summary judgment, defendants have merely rested upon the pleadings.

As to the issue of default, the terms of the note provide that if the full amount of each monthly payment is not made on the date it is due, the borrower is in default. [MSJ, ¶6, Exhibit A1.] Although defendants attempt to refute plaintiff's allegations of default by arguing unclean hands and fraud by increasing the monthly payments by more than 50%, we find that defendants have failed to specifically deny the averments of default in their answer. Defendants' responses to plaintiff's averments are either conclusions of law or lack specificity as general denials. Although defendants make conclusive statements that plaintiff violated the guidelines of RESPA and HUD, they do not indicate how they are not in default.

Furthermore, the supporting documentation attached to the motion for summary judgment shows that defendants

have not paid the mortgage in at least twenty-three months. Defendants made no effort to counter these affidavits or documents and do not provide any specificity as to what payments they did or did not make. Defendants admitted to making the higher payments until August 2008 yet they failed to provide whether they made any payments after such date.

As to the issue of whether the recorded mortgage is in the specified amount, defendants also make general denials about the amount they believe to be due. Defendants only state that from February 2008 until August 2008 they were required to pay an amount in excess of the mortgage which was not accurately reflected in the amounts due on the mortgage. However, they do not provide what they believe the correct amount to be. A response that "strict proof is demanded" is not enough to overcome a general denial. As such, the record reflects that defendants have admitted that the balance due and owing as averred in plaintiff's complaint is correct.

With respect to defendants' assertion that plaintiff is not entitled to summary judgment because plaintiff unilaterally, and with unclean hands, raised the monthly mortgage payment, the assertion lacks merit and is belied by the record. The defendants' mortgage provided for the payments of Escrow Items, which included taxes and assessments. Plaintiff notified defendants in a letter dated April 20, 2009, that defendant's monthly escrow payments were being raised to pay for real estate taxes not accounted for in the HUD-1. Plaintiff had the right to increase the escrow payments under the terms of the mortgage.

Ultimately, defendants have effectively admitted that the mortgage is in default, that they have not made each and

every monthly payment when due, and that the mortgage is in the specified amount. Because no genuine issue of material fact exists, this matter is ripe for disposition by way of summary judgment.

Accordingly, we enter the following order.

## ORDER

And now, October 8, 2010, plaintiff's motion for summary judgment is granted. Judgment in mortgage foreclosure of the property known as 23 Rising Meadow Way, East Stroudsburg, Pennsylvania, is entered in favor of plaintiff and against defendants in the amount of $671,414.57, together with interest and costs.