J-S04042-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LONGBRIDGE FINANCIAL, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANCIS W. MURRAY | : | |
| | : | |
| Appellant | : | No. 2114 EDA 2025 |

Appeal from the Order Entered July 10, 2025
In the Court of Common Pleas of Chester County Civil Division at No(s):
2024-11538-RC

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

MEMORANDUM BY NEUMAN, J.:  **FILED FEBRUARY 17, 2026**

Francis W. Murray ("Appellant") appeals *pro se* from the order entered on July 10, 2025, in the Court of Common Pleas of Chester County, granting summary judgment in favor of Longbridge Financial, LLC ("Appellee"), in the underlying mortgage foreclosure action.  We affirm.

On September 9, 2019, Appellant and Patricia Anne Murray obtained a mortgage loan in the maximum principal amount of $5,520,000.00.  As security for the loan, they executed and delivered to Mortgage Electronic Registration Systems, Inc., as nominee for Longbridge Financial, LLC ("MERS"), a reverse mortgage on the real property located at 1293 Farm Road, Berwyn, PA 19312 ("Mortgaged Premises").  **See** Motion for Summary

Judgment, 5/28/25, at Exhibit 1 ("Mortgage"); *id.* at Exhibit 2 ("Note").[1, 2]

The Mortgage was duly recorded in the Office of the Recorder of Deeds of Chester County and subsequently assigned to Appellee. *See id.* at Exhibit 1; *id.* at Exhibit 1A ("Assignment of Mortgage").

On December 20, 2024, Appellee filed a complaint in mortgage foreclosure against Appellant, alleging Appellant failed to pay taxes and/or maintain hazard insurance on the Mortgaged Premises in accordance with the terms of the Mortgage, rendering the entire balance of the loan due and owing. Complaint at ¶ 7; *see also id.* at ¶ 8 (stating, as of December 12, 2024, the total amount due and owing is $1,130,381.93). Consequently, Appellee

---

[1] Patricia Anne Murray died on May 17, 2020. Complaint, 12/20/24, at ¶ 2. "By virtue of her death, [Patricia's] ownership interest [in the Mortgaged Premises] was automatically vested in [Appellant,] the surviving tenant by the entirety." *Id.*

[2] We note:

> Reverse mortgages have been described as a financial planning device for [those] who are … house rich, but cash poor. A reverse mortgage can address this dilemma by providing a means for converting home equity into cash. In a reverse mortgage, as in a conventional mortgage, the mortgagee or lender advances money to the borrower or mortgagor. However, in a reverse mortgage, the borrower is often … not obligated to repay any portion of the loan or the interest on the loan amount until the property is sold, the loan matures[,] or the borrower dies or experiences an extended absence from the premises. The interest on the borrowed sums is added to the principal loan amount and the lender acquires a lien against the house in the amount of the initial principal and accumulated interest.

*In re Estate of Moore*, 871 A.2d 196, 201 n.3 (Pa. Super. 2005) (internal citations and quotation marks omitted).

- 2 -

demanded an *in rem* judgment against Appellant in the amount of $1,130,381.93, plus interest, fees, and costs, and for the foreclosure and sale of the Mortgaged Premises. *Id.* at ¶ 10. Appellant filed an answer, generally denying the alleged default and balance due. Answer to Complaint, 2/18/25, at ¶¶ 7-8.

On May 28, 2025, Appellee moved for summary judgment, asserting there are no genuine issues as to any material facts and Appellee is entitled to judgment as a matter of law. Motion for Summary Judgment at ¶ 27; *see also id.* at ¶ 20 (averring the total amount due and owing as of March 31, 2025, is $1,159,151.73). Appellant filed a response generally denying these averments. Answer to Motion for Summary Judgment, 6/17/25, at ¶¶ 20, 27. The trial court granted Appellee's motion for summary judgment and directed, "an *in rem* judgment shall be entered in favor of [Appellee] and against [Appellant] in the amount of $1,159,151.73, and interest from April 1, 2025, plus other costs and charges collectible under the [M]ortgage for foreclosure and sale of the Mortgaged Premises." Trial Court Order and Memorandum, 7/10/25, at 1; *see also id.* at 2 (declaring Appellant failed to plead an affirmative defense to the instant action).

On August 8, 2025, Appellant filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on October 1, 2025. Herein, Appellant presents a single issue for our review: "Do genuine issues of material fact…, preserved by [Appellant], preclude a

grant of summary judgment in favor of [Appellee] and require the issues to be proven to a jury?"  Appellant's Brief at 5.

To begin, we state our standard of review of a trial court order granting summary judgment:

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion.  As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule, Pa.R.C[iv].P. 1035.2.  The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered.  Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment.  Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law.  Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citation omitted).

It is also well-established:

> [T]he holder of a mortgage has the right, upon default, to initiate a foreclosure action.  Additionally, the mortgage holder is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

*Gerber v. Piergrossi*, 142 A.3d 854, 859 (Pa. Super. 2016) (internal quotation marks and citations omitted).  "This is so even if the mortgagors

have not admitted the total amount of the indebtedness in their pleadings." ***Cunningham v. McWilliams***, 714 A.2d 1054, 1057 (Pa. Super. 1998).

Appellant claims the trial court erred in granting Appellee summary judgment, as genuine issues of material fact exist. Appellant's Brief at 9, 15. Particularly, he argues there is a factual dispute as to whether he is in default of the mortgage due to his failure to pay property taxes, to maintain hazard insurance on the Mortgaged Premises, and/or to pay the total amount due upon maturity of the loan. ***Id.*** at 17-19. In support of his argument, Appellant contends there is no evidence to substantiate Appellee's averments regarding the alleged default. ***Id.*** at 17-20. Hence, he concludes Appellee has failed to establish its right to judgment in mortgage foreclosure as a matter of law. ***Id.*** at 20. Notably, Appellant does not point to any evidence in the record to controvert Appellee's averments.

To defeat a motion for summary judgment, "the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact." ***Bank of America, N.A. v. Gibson***, 102 A.3d 462, 464 (Pa. Super. 2014); ***see also*** Pa.R.Civ.P. 1035.3(a)(1) (dictating that the adverse party may not rest upon the mere allegations or denials of the pleadings, but must identify "one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion"); ***Gruenwald v. Advanced Computer Applications, Inc.***, 730 A.2d 1004, 1009 (Pa. Super. 1999) ("It is the nonmoving party's responsibility to demonstrate that a genuine issue of material fact exists….")

(citation omitted). "Bald unsupported assertions of conclusory accusations cannot create genuine issues of material fact." ***Nationwide Mut. Ins. Co. v. Lehman***, 743 A.2d 933, 937 (Pa. Super. 1999) (citation omitted).

Here, Appellee averred Appellant executed a reverse mortgage on the Mortgaged Premises in exchange for a loan in the maximum principal amount of $5,520,000.00, which was subsequently recorded and assigned to Appellee. ***See*** Motion for Summary Judgment at ¶¶ 1-2; Complaint at ¶ 3-4. Appellant generally denied these allegations, indicating he "is without information or belief to affirm or deny the averments" and demanding strict proof at trial. ***See*** Answer to Motion for Summary Judgment at ¶¶ 1-2; Answer to Complaint at ¶¶ 3-4; ***see also*** Pa.R.Civ.P. 1029(b) ("Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof … shall have the effect of an admission."); ***Gibson***, 102 A.3d at 466-67 (noting that responsive pleadings in a mortgage foreclosure action must contain specific denials). Thus, the foregoing averments are deemed admitted.

Appellee further alleged Appellant is in default under the Mortgage, due to his failure to pay property taxes and maintain hazard insurance on the Mortgaged Premises. ***See*** Complaint at ¶ 7 (asserting "the entire balance is due and payable because the following obligation under the Mortgage was not performed: payment of taxes and/or insurance") (cleaned up). Pursuant to the terms of the Mortgage, Appellant is obligated to pay all property taxes in a timely manner and to maintain hazard insurance on the Mortgaged

Premises. *See* Mortgage at ¶¶ 2-3. In the event Appellant fails to perform either of these obligations, the Mortgage states that Appellee "may … do or pay for whatever is necessary to protect the value of the [Mortgaged Premises] and [Appellee's] rights in the [Mortgaged Premises,]" which may include paying the taxes and/or insurance premiums. *Id.* at ¶ 6.1. The amounts of any such payments may be added to the balance of the loan and shall bear interest from the date of disbursement at the interest rate provided under the Note. *Id.* at ¶ 6.2.

Failure to meet any material obligations under the terms of the Note and/or Mortgage constitutes an "Event of Default." *Id.* at ¶ 14.1. If an Event of Default occurs, Appellee shall notify Appellant, specifying:

> (i) the Event of Default; (ii) the action required to cure the default; (iii) a date by which the default must be cured; and (iv) that if [Appellant does] not cure the default on or before the date specified in the notice[, Appellee] may require mandatory prepayment of the Loan or sale of the [Mortgaged Premises], or both.

*Id.* at ¶ 14.2. If Appellant fails to cure the default within the period specified in the notice, Appellee may require mandatory prepayment of the loan together with all other amounts owed under the Note and Mortgage; foreclose upon the Mortgaged Premises; and apply the proceeds of the sale to the outstanding balance, interest, fees, and charges. *Id.*

Instantly, Appellee provided Appellant with notice of the default, in compliance with its obligations under paragraph 14.2 of the Mortgage. *See* Motion for Summary Judgment at ¶ 7; *see also id.* at Exhibit 3 (informing

Appellant he is in "serious default" as of April 22, 2024, because he did not pay property taxes or maintain hazard insurance; enumerating the dates and amounts of payments made by Appellee for delinquent taxes and force placed insurance;[3] notifying Appellant of his right to cure the default by June 30, 2024; providing Appellant with instructions on how to cure the default; and warning Appellant of Appellee's intention to exercise its right to accelerate the debt and pursue foreclosure if the default is not cured). According to Appellee, it commenced the underlying foreclosure action because Appellant failed to cure the default by the expiration date provided in the notice. *Id.* at ¶ 8; *see also Gerber*, 142 A.3d at 859 ("[T]he holder of a mortgage has the right, upon default, to initiate a foreclosure action.").

Appellant's responses to the averments that he defaulted under the Mortgage and failed to cure the default consist primarily of boilerplate language constituting general denials. *See* Answer to Motion for Summary Judgment at ¶¶ 4-8, 20-22 (claiming the averments in the corresponding paragraphs of the summary judgment motion and/or the attached exhibits "speak for themselves and require no response," and demanding strict proof at trial). In response to paragraph 7 of the foreclosure complaint, Appellant indicated he "paid certain taxes and insurance." Answer to Complaint at ¶ 7. However, he did not specify the dates and/or amounts of such payments, nor

_____

[3] *See* Motion for Summary Judgment at Exhibit 8 (containing a detailed itemization of the payments made by Appellee for force placed insurance and delinquent taxes).

did he provide any proof of the same. In fact, he averred, "At this stage of the litigation, it is not [Appellant's] duty to plead in detail which taxes and insurance he did pay. This information will be set forth at trial." Answer to Motion for Summary Judgment at ¶ 13.

Contrary to Appellant's assertion, "[i]t is the nonmoving party's responsibility to demonstrate that a genuine issue of material fact exists...." *Gruenwald*, 730 A.2d at 1009. In doing so, Appellant may not rest upon the mere allegations or denials of the pleadings; he must set forth specific facts and/or point to evidence in the record controverting the evidence cited in support of Appellee's motion. *See* Pa.R.Civ.P. 1035.3(a)(1); *Gibson*, *supra*; *Lehman*, *supra*; *see also Jones v. Dubuque Fire & Marine Inc. Co.*, 176 A. 208, 209 (Pa. 1934) (determining a statement was an insufficient denial where it "simply denied [the] averment without giving any reason or any figures to contradict the statement").

Appellant points to no evidence in the record to support his bald assertion that he "paid certain taxes and insurance[,]" or to controvert the evidence cited by Appellant in support of its motion. Thus, he has failed to establish a genuine issue of material fact. By way of his general denials, Appellant has also effectively admitted he defaulted under the Mortgage and never cured the default. As the essential elements of Appellee's mortgage foreclosure claim are deemed admitted, *see Gerber*, *supra*, we conclude the trial court did not commit an error of law or abuse its discretion in granting Appellee summary judgment.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/17/2026